UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

VICKY S.[1],

        Plaintiff,

v.                                   23-CV-334 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
───────────────────────────────

**DECISION AND ORDER**

    Plaintiff Vicky S. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 10–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 12, 13. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), which was filed on February 28, 2017, and her application for Supplemental Security Income ("SSI"), which was filed on March 2, 2017.[2] Tr. 11.[3] Plaintiff's applications were initially denied on June 2, 2017, and she requested a hearing before an administrative law judge ("ALJ") on June 14, 2017. Tr. 194–208. Following the hearing, in which Plaintiff was represented by counsel, ALJ Paul Georger issued a decision finding that Plaintiff was not disabled on July 5, 2019. Tr. 11–20. In an earlier case on review (20-CV-974), Magistrate Judge McCarthy, acting on consent of the parties, remanded the case "because ALJ Georger did not acknowledge, let alone discuss, the functional assessments provided by plaintiff's treating mental health providers as required by SSR 06-03P and Burgess." Tr. 932. On remand, ALJ Paul Georger issued a decision again finding that Plaintiff was not disabled. Tr. 818–828. Plaintiff commenced this action. Dkt. 1.

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's

4

ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date on November 5, 2013. Tr. 820. The ALJ also found that Plaintiff suffered from the following severe impairments: unspecified

depressive disorder, unspecified anxiety disorder, asthma, and migraine headaches. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 821.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform work at all exertional levels with the following non-exertional limitations:

> [Plaintiff is limited to] no exposure to humidity and wetness, no exposure to dust, odors, fumes or pulmonary irritants, no exposure to extreme cold or extreme heat. [Plaintiff is] [l]imited to simple, routine, repetitive tasks, not at a production rate, simple work-related decisions, occasional interaction with supervisors, no interaction with co-workers or the general public, no exposure to bright light, loud noise or strong odors.

Tr. 822.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 827. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since her alleged onset date of November 5, 2013. Tr. 828.

## II.  PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ failed to explain adequately why Plaintiff's statements concerning the intensity, persistence, and limiting effects were not consistent with the medical evidence. Dkt. 10–1 at 22–26. Plaintiff also argues

that the ALJ failed to acknowledge evidence that supported the opinion provided by David Pfalzer, a psychiatric nurse practitioner ("NPP Pfalzer"), that Plaintiff would be absent approximately three days per month before rejecting that specific portion of the opinion.[4] *Id.* at 27–29.

## III. ANALYSIS

### A. The ALJ adequately considered Plaintiff's subjective complaints.

The ALJ properly considered the record as a whole before discounting Plaintiff's statements. Dkt. 10–1 at 21. An ALJ is responsible for assessing a plaintiff's RFC based on the record as a whole, including plaintiff's subjective complaints. When determining a claimant's RFC, "the ALJ is required to take the claimant's reports of pain and other limitations into account but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted).

Although the ALJ's analysis regarding Plaintiff's migraine headaches tracks, verbatim, from that in his 2019 decision, Plaintiff's testimony from the most recent hearing decision suggests that her migraines have improved since 2019. In 2022, Plaintiff testified that she gets "one [migraine] basically every two to three weeks."

---

[4] A "psychiatric-mental health nurse practitioner is an advanced practice registered nurse who focuses clinical practice on individuals, families, or populations across the life span at risk for developing and/or having a diagnosis of psychiatric disorders or mental health problems." National Organization of Nurse Practitioner Faculties, *Psychiatric-Mental Health Nurse Practitioner Competencies,* at 5 (Sept. 2003), https://aacnnursing.org/Portals/0/PDFs/CCNE/PMHNP.pdf.

Tr. 850. In 2019, Plaintiff testified that she gets migraine headaches 21 days per month. Tr. 41–42. Here, the ALJ evaluated Plaintiff's subjective complaints under 20 C.F.R. § 416.929 and concluded that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 823; *see Yucekus v. Comm'r of Soc. Sec.*, 829 F. App'x 553, 556 (2d Cir. 2020) (citing *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)) (ALJ "is not required to accept the claimant's subjective complaints without question" and reserves the discretion to weigh the credibility of a claimant's testimony against the other record evidence.). Here, the ALJ mentioned records indicating that Plaintiff's migraines were improving with treatment. Tr. 1103, 1307, 1311, 1335. Thus, because the ALJ properly concluded that Plaintiff's subjective complaints about the limiting effects of her impairments were not supported by the medical evidence in the record, the ALJ was not required to adopt Plaintiff's subjective complaints in formulating the RFC.

**B.   The ALJ properly evaluated NPP Pfalzer's opinion.**

Plaintiff's argument that "the ALJ impermissibly relied upon cherry-picked evidence" by "rejecting the more restrictive portion of NPP Pfalzer's opinion" lacks merit. Dkt. 10–1, at 26. "Acceptable medical sources," according to the applicable regulations, include licensed physicians and "[l]icensed or certified psychologists." 20 C.F.R. § 416.913(a). At the time that Plaintiff filed her claim, nurse practitioners were not considered to be acceptable medical sources, but were considered "non-acceptable medical sources" or "other sources." *Id.* § 416.913(d)(1). "[O]nly 'acceptable medical sources' can be considered treating sources … whose

8

medical opinions may be entitled to controlling weight.'"[5] *Genier v. Astrue,* 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. 416.913(a) and SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2009)).[6] "[C]herry-picking evidence occurs when administrative law judges credit information consistent with their findings while ignoring or discrediting inconsistent information from the same sources without providing plausible reasons." *Strange v. Comm'r of Soc. Sec.,* No. 13-CV-527, 2014 WL 4637093, at *9 (N.D.N.Y. Sept 16, 2014). The ALJ found NPP Pfalzer's opinion that Plaintiff suffered no more than moderate limitations in any of the four areas "generally consistent with the medical evidence," but that NPP Pfalzer provided "no significant explanation for" the opinion that Plaintiff's condition would cause "three

---

[5] For claims filed before March 27, 2017, "the ALJ's decision must account for the 'treating physician rule,'" Schillo v. Kijakazi, 31 F.4th 64, 69 (2d Cir. 2022), "which [gives] deference to the opinion of the treating physician," Loucks v. Kijakazi, No. 21-1749, 2022 WL 2189293, at *1 (2d Cir. June 17, 2022). The Social Security Administration adopted new regulations effective March 27, 2017, revising the standards for, inter alia, the Commissioner's evaluation of medical opinion evidence and effectively abolishing the treating physician rule. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The treating physician rule is codified at 20 C.F.R. §§ 404.1527 and 416.927. Because Plaintiff filed her claim for benefits before the effective date of the new regulations on March 27, 2017, the prior regulations, including the treating physician rule of deference, apply to her application. See 20 C.F.R. § 416.927 ("For claims filed ... before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in [Section] 416.920c apply."). The ALJ considered the medical opinion evidence under the regulatory standards in effect at the time that Plaintiff's claim was filed, namely 20 C.F.R. § 416.927. Section 416.927(f)(1) dictates that, while the ALJ "will consider" all opinion evidence, the ALJ need not defer to the opinion of a non-acceptable medical source.

[6] SSR 06-03p was rescinded effective March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Because Plaintiff filed her claim prior to that date, those revisions do not affect this decision.

9

absences per month." Tr. 825. Additionally, the ALJ found "a stark contrast in the extent of limitations (such as missing work three days per month) assigned by [NPP] Pfalzer, and those assigned by the most recent consultative examiner, Dr. Ransom, PhD." *Id.* Here, the ALJ's decision provided adequate reasons for discounting the portions of NPP Pfalzer's opinion that lacked explanation. Thus, contrary to Plaintiff's assertion, the ALJ did not "cherry-pick" evidence.

Furthermore, as a non-acceptable medical source, NPP Pfalzer's opinion was not entitled to deference. *See Yucekus v. Comm'r of soc. Sec.*, 829 F. App'x 553, 557 (2d Cir. 2020) ("The ALJ also properly gave limited weight to [the physician assistant's] medical source statement. Because the statement was written by a [physician's assistant] and was therefore not an acceptable medical source under the then-applicable 20 C.F.R. Section 416.913, it was not entitled to controlling weight or the same degree of deference as a treating physician under Social Security Ruling 06-03P."). And as the Second Circuit held in *Genier,* 298 F. App'x at 108, "while the ALJ is certainly free to consider the opinions of ... 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, [other source] opinions do not demand the same deference as those of a treating physician." Thus, the ALJ was not required to give deference to NPP Pfalzer's opinion.

Moreover, a review of the record, and the ALJ's written decision, indicates that substantial evidence supports the ALJ's RFC determination. Substantial evidence is "more than a mere scintilla" and "means only such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations and quotations omitted); *see also Barry v. Calvin,* 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").

The ALJ need not explicitly articulate or "recite every piece of evidence that contributed to the decision, so long as the record permits [the court] to glean the rationale of an ALJ's decision." *Cichock v. Astrue,* 729 F.3d 172, 178 n.2 (2d Cir. 2013). Here, the ALJ accounted for Plaintiff's migraine symptoms and anxiety attacks by limiting her to occasional interaction with supervisors and no interaction with co-workers and the general public, as well as limiting her to having no exposure to bright light, loud noise, or strong odors. Tr. 822. Thus, substantial evidence supports the ALJ's evaluation and, ultimately, the ALJ's RFC determination.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 12–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 10–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   March 14, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE